DENNIS, Justice
(concurring in part and dissenting in part).
I respectfully concur in the opinion except for the majority’s interpretation of the law as not requiring a reduction of the worker’s compensation intervenor’s recovery. Regardless of what was the correct interpretation of the law prior to 1979, in that year, by act 431 of the regular session, the Legislature, in pertinent part, provided:
Hs ⅜ ⅜ ⅜ ⅜ ⅜
Section 1, Art. 2323.
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss, (emphasis added).
* ⅜ * * # *
Section 6. All laws or parts of laws in conflict herewith are hereby repealed.
Accordingly, the comparative fault law of 1979 clearly provided that the amount of damages recoverable on account of a person’s “injury, death or loss” shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss. Thus, any person who suffers “loss” due partly to the fault of another person and due partly to his own negligence or the negligence attributable to him may recover for the loss suffered, but his recovery must be reduced in proportion to the percentage of negligence attributable to him. Therefore, when an employer’s servant negligently injures himself and damages the employer’s vehicle in an accident caused partly by the fault of another, the employer’s right to recover for his losses is subject to a reduction in proportion to the percentage of negligence vicariously attributable to him. Surely no one would argue that the employer could recover under this law for his vehicular property loss without a reduction in his award proportionate to his employee’s contributing negligence. Likewise, the employer and his insurer cannot recover for the worker’s compensation losses caused by the accident without a reduction in such recovery proportionate to the negligence attributable to them. Any laws or parts of laws in conflict with these principles were amended or stricken by Section 6, the repealer clause of the 1979 comparative fault act.